# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Southern Texas |
|---|---|
| Name (under which you were convicted): Roberto Reyna-Aguilar | Docket or Case No.: 10-CR-686 /5:11-cv-144 |
| Place of Confinement: F.C.I. Big Spring | Prisoner No.: 32892-279 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| United States of America | v. Roberto Reyna-Aguilar |

United States District Court
Southern District of Texas
FILED
OCT 3 1 2011 SAM
David J. Bradley, Clerk
Laredo Division

MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

United States District Court, for the Southern District of Texas, Laredo Division

(b) Criminal docket or case number (if you know): 10-CR-686

2. (a) Date of the judgment of conviction (if you know): May 14, 2010

(b) Date of sentencing: November 5, 2010

3. Length of sentence: 120 months

4. Nature of crime (all counts): Count One: Possession with intent to distribute a controlled substance. In violation of U.S.C.§841(a)1) and 846 Count Two: Possession with intento to distribute 5 kilograms or more of coccaine, in violation of Title 21, U.S.C.§841(a)(1) and 841(b)(1)(A).

5. (a) What was your plea? (Check one)

(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

All counts

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☒

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒
8. Did you appeal from the judgment of conviction?   Yes ☐   No ☒
9. If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:




   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:




10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

       (2) Docket or case number (if you know):

       (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:    Yes ☐   No ☒
   (2) Second petition:   Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: Because Defense Counsel did not Appeal the process

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

GROUND ONE: Whether Counsel failed that Petitioner understood the nature and consequences of his guilty plea.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
Defendant/Petitioner was denied effective assistance of counsel during the pre-trial, guilt and sentencing phases of trial.

(b) Direct Appeal of Ground One:
   (1) If you appealed from the judgment of conviction, did you raise this issue?
      Yes ☐  No ☒
   (2) If you did not raise this issue in your direct appeal, explain why:
      Counsel did not appeal

(c) Post-Conviction Proceedings:
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
      Yes ☐  No ☒
   (2) If your answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:
   Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


GROUND TWO: Whether counsel failed to file objections to the Pre-Sentence Report.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Constituted Ineffective Assistance of Counsel

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Counsel did not raised this issue

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE: Whether counsel failed to argue that Petitioner never had knowledge of the amount and type of drug that was transported.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Three:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Defense Counsel did not riased this issue

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐  No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐  No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR: Whether the Defense Counsel failed to argue that Petitioner was a mere participant under §3B1.2.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

cont.....

Ground Five: Whether counsel failed that appeal waiver applies to violations of Rule that requires record of Senetcing disputes.

Ground Six: Whether counsel failed that the State of Texas is not a State of the United States as the term "State" and "United States" are meant within the tenth Amendment.

Ground Seven: Whether counsel failed to argue that the State of Texas is not a State of the United States as both term are meant in the Controlled Substance Act of 1970, Pub.L. 91-513, 84 Stat. 1242 codified Title 21§801 et. seq.

Ground Eight: Whether trial counsel failed to defend the rights of the Defendant, Movant, Petitioner at Sentencing.

Ground Nine: Whether counsel failed to argue that the conviction sentence and judgment entered without personal, territorial, or subject matter jurisdiction because the State of Texas is not a State of the United States within Title 21 §§841(a) and 846.

Ground Ten: Whether the District Court could consider in this opportunity to adowneard departure the condition of post-Rehabilitation of the Movant/Petitioner and his condition of, also consider the factors enumerated under Title 18 U.S.C.§3553(a),qualified me for a downward departure based unpon the more onerous conditions that aliens; like myself receive in prison, unlike American citizens, Those Onerous conditions include but are not limited.

Ground Eleven: Whether counsel failed to perfect appeal, constituted ineffective assistance, in violation of Sixth Amendment right.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

none

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the judgment you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?   Yes ☐ No ☒

   (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

   (b) Give the date the other sentence was imposed:

   (c) Give the length of the other sentence:

   (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on __________ (month, date, year).

Executed (signed) on 10-28-11 (date).

______________________________
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.



Roberto Reyna-Aguilar
Reg. No:32892-279
Federal Correctional Institution
1900 Simler Ave.
Big Spring, Texas 79720

INSPECTED BY U.S. MARSHALS

United States District Court
Southern District of Texas
RECEIVED
OCT 3 1 2011 SAM
David J. Bradley, Clerk
Laredo Division

Clerk of Court

United States District Court
For the Southern District of Texas
1300 Victoria St., Ste. 1131

Laredo, Texas 78040

LEGAL MAIL

7011 0110 0002 5047 2290

ACCEPTED BY
FCI UNIT
1900 SIMILER DR
BIG SPRING TX 79720