UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

United States District Court
Southern District of Texas
FILED
OCT 3 1 2011 SAM
David J. Bradley, Clerk
Laredo Division

UNITED STATES OF AMERICA
  Respondent,

-against-

ROBERTO REYNA-AGUILAR
  Petitioner,

Case No. 10-CR-686 / 5:11-CV-144

Big Spring, Texas

October 27, 2011

---

PETITIONER ROBERTO REYNA-AGUILAR'S

AFFIDAVIT OF FACT

IN SUPPORT OF HIS PETITION FOR WRIT OF HABEAS CORPUS

UNDER TITLE 28 U.S.C. §2255

---

I DO HEREBY CERTIFY, under the penalty of perjury, under the laws of the United States of America and Title 28 U.S.C. §1746, that I am of lawful age and of sound mind, that I have personal knowledge of the facts contained within this Affidavit, and that these such facts, which are stated below, are true and correct:

    1. I, Roberto Reyna-Aguilar, aver that I have filed several documents pertaining to the instant legal proceeding, including "Petititoner Roberto Reyna-Aguilar's Petition for Writ of Habeas Corpus under 28 U.S.C. §2255(Form)"; Petitioner Roberto Reyna-Aguilar's Memorandum of Law in Support of Petitioner Roberto Reyna-Aguilar's Petition for Writ of Habeas Corpus under Title 28 U.S.C. §2255 and the instant "Petitioner Roberto Reyna-Aguilar's Affidavit of Fact in Support of his Petition for Writ of Habeas Corpus under Title 28 U.S.C.

-1-

§2255.

2. I, Roberto Reyna-Aguilar, aver that I have personal knowledge of the facts which I have stated in the documents I have referemced as filed in Paragraph 1, above, and that such facts are true and correct.

3. I, Roberto Reyna-Aguilar, aver that I am presently in federal custody, and that I am presently incarcerated at FCI Big Spring, in Big Spring, Texas, in the Northern District of Texas.

4. I, Roberto Reyna-Aguilar, aver that the person I have nemed as respondent, United States of America.

5. I, Roberto Reyna-Aguilar, aver that I am proceeding Pro-Se in the instant proceeding, without the benefit of Counsel.

6. I, Roberto Reyna-Aguilar, aver that I am not a licensed attorney, and that I am not educated in law.

7. I, Roberto Reyna-Aguilar, aver that he was deprived of his Sixth Amendment Right to effective assistance of counsel based on the cumulative effects of trial counsel's multiple errors specifically trial counsel.

8. I, Roberto Reyna-Aguilar, aver that counsel failed to ensure that Petitioner understood the nature and consequences of his guilty plea.

9. I, Roberto Reyna-Aguilar, aver that counsel failed to file objections to the Pre-Sentence Report.

10. I, Roberto Reyna-Aguilar, aver that counsel failed to argue that Petitioner never had knowledge of the amount and type of drug

was transported.

11. I, Roberto Reyna-Aguilar, aver that counsel failed to argue that Petitioner was a mere participant under §3B1.2.

12. I, Roberto Reyna-Aguilar, aver that counsel failed that Appeal Waiver applies to violations of Rule that requires Record of Sentencing Disputes.

13. I, Roberto Reyna-Aguilar, aver that trial counsel failure to defend the rights of the Defendant/Movant/Petitioner at Sentencing.

14. I, Roberto Reyna-Aguilar, aver that counsel to argue that the State of Texas is not a State of the United States as the terms "State" and "United States" are meant within the Tenth Amendment.

15. I, Roberto Reyna-Aguilar, aver that counsel failed to argue that the State of Texas is not a "State of the United States" as both term are meant in the Controlled Substance Act of 1970, Pub.L. 91-513, 84 Stat. 1242, codified at Title 21§801 et. seq.

16. I, Roberto Reyna-Aguilar, aver that counsel failed to argue that the conviction sentence and judgment entered without personal, territorial, or subject matter jurisdiction because the State of Texas is not a"State of the United States" within Title 21 §§841(a) and 846.

17. I, Roberto Reyna-Aguilar, aver that the District Court could consider in this opportunity to a downward departure the condition of Post-Rehabilitation of the Movant/Petitioner and his condition of, also consider the factors enumerated under Title 18 U.S.C.§3553(a), qualified me for a downward departure based upon the more onerous conditions

that aliens; like myself receive in prison, unlike American Citizens. Those Onerous conditions included but are not limited.

18. I, Roberto Reyna-Aguilar, aver thatcounsel failed to perfect appeal constituted ineffective asssitance, in violation of Sixth Amendment Rights.

19. I, Roberto Reyna-Aguilar, aver that has demonstrated a violation of his Sixth AMendment right to counsel and because he did not effectively waive that claim, his claim for relief under 28 U.S.C.§ 2255 should be granted.

Respectfully Submitted,

_____
Roberto Reyna-Aguilar