Mr. Roberto Reyne-Aguilar
Fed. Reg. No.: 05779-017
FCI Big Spring
1900 Simler Avenue
Big Spring, TX 79720

United States District Court
Southern District of Texas
1300 Victoria, Suite #1131
Laredo, Texas 78040
Attn.: Clerk of the Court

United States District Court
Southern District of Texas
FILED
MMM
DEC 21 2011
CLERK OF COURT
LAREDO DIVISION

Date: Wednesday, 12-14-11

Re: <u>United States v. Aguilar</u>, Case No.: 5:10-CR-001 666-001
<u>Aguilar v. United States</u>, Case No.: 5:11-CV-144

Dear Clerk:

I am the Defendant/Movant in the above-captioned cases.

Please find, enclosed, ONE ORIGINAL of the following document:

> Movant Roberto Reyna-Aguilar's Reply To The
> Response Filed By Former Counsel Nathan Henry Chu.

Please FILE this ORIGINAL.

Please find, enclosed, an "extra" copy of the Cover Page. Please STAMP this "FILED", along with the "DATE FILED", and return to me for my records.

Thank You, in advance, for your help in this important matter.

Respectfully Yours,

Mr. Roberto Reyne-Aguilar
Movant, Pro se

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS


United States District Court
Southern District of Texas
FILED
DEC 2 1 2011 MMM
CLERK OF COURT
LAREDO DIVISION

| | | |
|---|---|---|
| ROBERTO REYNA-AGUILAR, | ) | |
| Defendant/Movant, | ) | |
| vs. | ) | Civil Case No.: 5-11-CV-144 |
| | ) | Criminal Case No.: 5:10-CR-686-001 |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent. | ) | |

MOVANT ROBERTO REYNA-AGUILAR'S

REPLY TO THE RESPONSE FILED BY

FORMER COUNSEL NATHAN HENRY CHU

**COMES NOW**, the Movant, **ROBERTO REYNA-AGUILAR**, in propria personam, sui juris, acting as his own Counsel, pursuant to the Federal Rules of Civil Procedure, and files this his above-styled Reply Brief. In support of which he states as follows:

## Introduction:

The Defendant/Movant, Roberto Reyna-Aguilar, hereinafter referred to as "Defendant"; "Movant"; "Mr. Aguilar"; and/or "Aguilar" is a Mexican Citizen, who lacks formal education, speaks little to no English, and is completely unable to read or write in English. He is presently incarcerated in federal prison at FCI Big Spring, in Big Spring, Texas, serving a (120) month prison sentence imposed in the underlying criminal proceeding.

The instant action involves the Movant's Pro se Motion To Vacate his sentence and conviction under Title 28 U.S.C. § 2255. Movant has brought a number of constitutional claims, including the denial of his Sixth Amendment right to the effective assistance of counsel, and, respectfully, the Court's lack of personal, terrtorial, and subject matter jurisdiction in the matter.

The Movant respectfully, and timely, files the instant Reply to his former Counsel's "Response By Nathan Henry Chu To Petitioner's 'sic' Motion Pursuant To 28 U.S.C. § 2255".

## Procedural History:

On or about March 9, 2010, the Movant was arrested by U.S. Customs and Border Protection Officers.

On March 11, 2010, the Government filed a Criminal Complaint against the Movant, [Doc. #1].

On March 30, 2010, the Government filed a three-count Indictment against the Movant, [Doc. #7].

(2)

On April 1, 2010, attorney Nathan Henry Chu filed his Notice of Appearance for the Defendant, [Doc. #9].

On May 14, 2010, the Movant signed a Plea Agreement, wherein he pled guilty to Count Two of the Indictment, possession with intent to distribute 5 kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), [Doc. #21]. On the same date, the Movant entered his guilty plea.

On September 8, 2010, the Final Presentence Investigation Report was filed, under seal, [Doc. #26]. No objections were filed by Movant's defense counsel.

Also on September 8, 2010, a Confidential Sentencing Recommendation was filed, under seal, [Doc. #27]. Again, no objections were filed by Movant's defense counsel.

On September 8, 2010, a Sealed Adendum to the Final Presentence Investigation Report was filed, again under seal, [Doc. #28]. Again, no objections were filed by Movant's defense counsel.

On November 5, 2010, the Movant was sentenced to 120 months in federal prison; 5 years Supervised Release; and a $100 Special Assessment.

On November 5, 2010, the Movant requested his counsel file an appeal.

On May 4, 2011, the Movant wrote a letter to the Clerk of this Court, requesting information regarding the status of his appeal, as he had not heard anything from defense counsel, and also requesting certain documents be provided to him.

On May 9, 2011, the Clerk of the Court responded by providing

documents but no information on the Movant's Appeal.

On May 10, 2011, this Court entered a memorandum, directing the Clerk to send a copy of Defendant's correspondence, along with the memorandum, to Defendant's defense attorney, for whatever acknowledgement or response he deems appropriate.

On October 28, 2011, the Movant filed his Motion Under Title 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody; his Legal Memorandum, entitled Motion To Vacate Conviction And Sentence Pursuant To 28 U.S.C. § 2255; along with his Affidavit Of Fact In Support Of His Petition For Writ Of Habeas Corpus Under Title 28 U.S.C. § 2255.

On November 1, 2011, this Court [apparently] entered an Order[1] ordering "Respondent, Nathan Henry Chu, to file a verified response to Client's petition."

On Thursday, December 1, 2011, the Movant was served with a copy of Respondent Nathan Henry Chu's Response. This response was sent via Certified Mail, and delivered to the prison officials at FCI Big Spring, in Big Spring, Texas, where the Movant is currently incarcerated, and served upon the Movant by the prison officials.

Today, this 14th day of December, 2011, the Movant timely files his instant Reply. [See Certificate of Service, attached hereto and signed under the penalty of perjury.]

---

1. Movant has not received this Order.

(4)

The Movant first respectfully re-adopts, re-alleges, and incorporates by reference his previously-filed Motion Under Title 28 U.S.C. § 2255, along with his Memorandum (Motion) and Affidavit In Support, all of which were filed on October 28, 2011.

## The Respondent's Response Must Be Disregarded:

Movant first brings this Court's attention to the fact that Mr. Chu was ordered to file a <u>"verified"</u> Response. While Chu's Response does contain a page entitled "VERIFICATION", a simple reading of the page reveals that it is not a "verification" at all. The document contains no reference to Title 28 U.S.C. § 1746, nor is it signed under the penalty of perjury, as required for a true "verification". Actually, it is not even apparent what this is supposed to be, because the Respondent threw some "Notary" language in, yet then failed to have it Notarized. As such, this document is not "verified" and has no evidentiary value in terms of a competing affidavit.

The Movant has alleged facts, which, if true, entitle him to the requested relief. As the Movant's facts are uncontradicted by any affidavit or verified Declaration or Response, the Movant's factual allegations must be taken as true.

### The Movant's Remaining Reply To Former Defense Counsel Nathan Henry Chu's Response:

While the Movant has alleged affirmative facts -entitling him to relief, Respondent Chu has carefully couched his <u>un</u>verified Response with weak statements based upon his "recollections".

While Counsel has produced documents that purport that he may have "intended" to meet with the Movant several times during the pre-plea and pre-sentencing stages of the proceedings, the Movant alleges that Mr. Chu "actually met him" -only once, before the plea. Contrary to Chu's unverified assertions, Chu failed to ensure that the Movant understood the consequence of his pleading guilty. Specifically, Mr. Chu emphasized that the Movant should plead guilty, as he would only be facing somewhere between 57 and 71 months in prison. Specifically, Mr. Chu never mentioned that Movant would be facing a Mandatory Minimum of (120) months in federal prison, by signing the plea agreement. Counsel's failure to explain this consequence, is particularly egregious in light of the fact that the Movant is incapable of reading English, and was unable to read the plea agreement he signed. That the Movant allegedly also signed the addendum stating that he also understood all that he was agreeing to, is disingenuous, given that Movant could not read the addendum, either. [The Movant notes that he has never seen the addendum, and that it was not attached to the copy of the plea agreement he obtained from the Clerk of the Court.]

Movant disputes Chu's allegations as to the first "debriefing" session for the safety valve -as Mr. Chu never even showed up for

(6)

the meeting, and during such meeting Movant was unrepresented by counsel. Specifically, Chu has no personal knowledge of this first meeting. Additionally, while allowing Movant to be debriefed by government agents without representation by counsel is certainly ineffective assistance, so too, is the fact that counsel failed to discuss the facts of the case with the Movant, and failed to prepare him, in any way, for the debriefing sessions.

Contrary to Chu's assertions that he informed Movant that he would not be receiving the safety valve, and that he would be sentenced to at least the statutory minimum of (120) months, Movant alleges that Chu <u>never</u> told him this. To the contrary, the Movant was under the impression, until sentencing, that he was still eligible for the safety valve, and that he would be receiving the 57-71 month sentence that he was promised, given his debriefing with the government. Movant alleges that counsel had grossly underestimated the Movant's sentence, and that his advice to plead guilty, and his failure to argue for the safety valve, and other sentencing reducing factors, constitutes ineffective assistance of counsel.

Movant realleges Counsel Chu's ineffective assistance, in that Chu failed to meet with Movant to review the Presentence Investigation Report for Movant's review and comments.[2] Counsel was also terribly negligent and ineffective for failing to object to the Presentence Investigation Report -and to file his own Sentencing Recommendations on behalf of the Movant. Counsel's Response

---

2. Of course, the Movant would not have even been able to read the PSR, as it was written in English -but that is not the point. Movant's Sixth Amendment right to the effective assistance of counsel was still violated, as well as his Fifth Amendment right to due process, as he was denied Notice of the Probation Officer's proposed sentence, as well as the opportunity to object.

(7)

demonstrates his ineffective performance when he admits that "Respondent did not find items to challenge," (See Respondent's Response at page 2, ¶2). Specifically, Counsel missed the entire boat -prejudicing the Movant as his total sentence was approximately double what it likely would have been but for Counsel's deficient performance. Counsel was ineffective for not objecting to the denial of, and for not requesting a reduction for Movant's acceptance of responsibility, given that Movant pled guilty and saved the government (and the Court) the time and expense of a jury trial. Counsel was also ineffective for failing to object to the denial of, and for not requesting, the Safety Valve, and the corresponding (2) point reduction, given that Movant was eligible for it and had debriefed with the government. Likewise, Counsel was ineffective for not objecting to the denial of, and for not requesting, a (2) - (4) point reduction for the Movant's minimal or at least minor role, under § 3B1.2 of the Sentencing Guidelines. Counsel was also ineffective for failing to argue any of the § 3553(a) sentencing factors that a court must consider in mitigation of Movant's sentence.

Egregiously, Counsel actually advocated for the government at sentencing, when he proceeded to "sell the court" on why the Movant should NOT receive a reduction for the Safety Valve, and should instead receive the statutory mandatory minimum sentence of (120) months. (See Transcript of Sentencing Hearing, 11-05-10, at pages 3-4). Contrary to Counsel's [mis]-representations to the Court at sentencing, Movant maintains that he was truthful with the government during his debriefing, and that the determination of whether

(8)

he was truthful or not, was a determination that needed to be made by the Court -not by the government or defense counsel! See <u>U.S. v. Espinosa</u>, 172 F.3d 795 (11th Cir. 1999)(In determining truthfulness of information defendant had provided concerning cocaine trafficking for purpose of ruling on defendant's request for safety valve reduction pursuant to § 2D1.1(b)(6) and 18 U.S.C. § 3553(f), court erred in deferring to government, which had concluded that defendant had not told truth, since responsibility for determining truthfulness is court's). In the instant matter, defense Counsel acquiesced to the government's opposition to the safety valve, and the allegations that untruthful information was provided by Movant.

Because of Chu's ineffective assistance, the Movant was sentenced to a dramatically higher sentence than what he should have been sentenced to. With the safety valve, which the Movant was qualified and eligible for, the statutory mandatory minimum sentence would not have applied. Respondent Chu admits that, "Given Respondent's arguments, Senior Judge Tom Stagg sentenced Client to that statutory minimum of 120 months as dictated by his offense." (Response at page 3, ¶6.) Fortunately, Respondent Chu also admits that, "Respondent informed Client that he would qualify for a downward departure under the written plea agreement with the government." (Response at page 3, ¶10.)

Chu's response is perfect, as he blatantly demonstrates that the explanation for his deficient performance, is his misconception of what a "safety valve" even is. Respondent Chu argued on page 2 of his Response, ¶2, that he did not object to the Presentence

(9)

Investigation Report, or move or argue for the safety valve, was because "Client attempted to debrief with the Government on two occasions. At the conclusion of both, the Government did not believe Client provided <u>substantial assistance</u>." (emphasis added.)

Chu further demonstrates his incompetence in dropping the ball on the all-important safety valve issue, when he states, "Information provided by Client at the debriefing was not deemed as <u>substantial assistance</u> by the Government. Client did not qualify for a downward departure and was bound to the statutory minimum sentence for his offense." (Response at page 3, ¶10)(emphasis added.)

Sadly for the Movant, Respondent Chu has obviously confused the qualification criteria for a downward departure under the safety valve provisions of Title 18 U.S.C. § 3553(f), and § 5C1.2 of the United States Sentencing Guidelines, with those of the § 5K1.1 of the United States Sentencing Guidelines. Importantly, Title 18 U.S.C. § 3553(f) directs that "the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commision under 994 of Title 28 <u>without regard to any statutory minimum sentence</u>, if the court finds at sentencing, after the government has been afforded the opportunity to make a recommendation, that:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (3) the offense did not result in death or serious bodily injury to any person;

(10)

> (4) the defendant was not an organizer, leader,
> manager, or supervisor of others in the offense, as
> determined under the sentencing guidelines and was
> not engaged in a continuing criminal enterprise, as
> defined in section 408 of the Controlled Substances
> Act [21 USCS § 848]; and
> (5) not later than the time of sentencing hearing,
> the defendant has truthfully provided to the Government
> all information and evidence the defendant has
> cocnerning the offense or offenses that were part
> of the same course of conduct or of a common scheme
> or plan, but the fact that the defendant has no relevant
> or useful other information to provide or that
> the Government is already aware of the information
> shall not preclude a determination by the court that
> the defendant has complied with this requirement.
> (emphasis added).

-Not a word is mentioned about the defendant having to provide "substantial assistance". This is contrasted to the directives of § 5K1.1 of the United States Sentencing Guidelines, titled, "Substantial Assistance To Authorities", which provides for a downward departure where "the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense". As this Court is aware, there is a world of difference between the safety valve afforded to first-time offenders such as the Movant, to avoid draconian mandatory minimum sentences and the departure given to defendants who cooperate by providing "substantial assistance" in the investigation and prosecution of others.

While Movant has not alleged that he did provide "substantial assistance" -there is no such requirement in order for him to have received the benefits of the safety valve. See U.S. v. Real-Hernandez, 90 F.3d 356 (9th Cir. 1996)(District Court must provide reasons for agreeing or refusing to apply section 5C1.2 at time

(11)

of sentencing pursuant to 18 USCS § 3553(f), which states that court shall depart from mandatory minimum sentence if it finds "at sentencing" that defendant meets all five criteria.) Counsel Chu's "confusion" with the applicable Guidelines sections, was deficient performance, as was his resultant failure to raise the issue and move for the safety valve at sentencing. Because Counsel erroneously failed to comprehend the Guideline applications, he erroneously believed that Movant was contrained to a mandatory minimum sentence, and successfully argued for a sentence <u>literally double</u> what the Movant should have been sentenced to but for this deficient performance -which is prejudice. See <u>U.S. v. Haskins</u>, 173 F.3d 351 (6th Cir. 1999).

Respondent Chu has asserted that he did not argue Movant's lack of knowledge as to the amount and type of drug that was transported "because this was a plea bargained case". (Response at page 2, ¶3.) Movant alleges that Counsel should have argued this before he had the Movant sign the Plea Agreement. Again, the Movant alleges that he did not understand the Plea Agreement he was signing, due to the lack of explanation by Respondent Chu, and his inability to speak, read, or write in English. Furthermore, Movant followed Counsel's instructions at the debriefing, and was truthful with the Government. Counsel failed in his responsibility to advocate for his client.

Chu's Response that an accurate record was created, for appeal purposes. An accurate record was not created, because Counsel failed to file any objections to the PSR, and failed to file a

sentencing memorandum with recommendations on behalf of the Movant. Likewise, because Counsel failed to advocate for the safety valve, the court did not make any specific findings, as to Movant's debriefing, as the Guidelines and statute require.

Respondent Chu's response to Movant's claims that this Court lacked personal, territorial, and subject matter jurisdiction over the Movant and the criminal subject matter is woefully inadequate, and as a matter of law parties cannot consent to confer jurisdiction where none exists. Accordingly, "because this was a plea bargained case" is not a reason to excuse Chu's deficient performance.

Lastly, Counsel Chu does not dispute that Respondent specifically instructed him to file an appeal immediately after sentencing. Rather, he merely claims that he "did not recall these instructions." The fact remains that the Movant gave the specific directive to Counsel right after sentencing, to file an appeal -and Chu failed to do so. Movant flatly denies that he ever "informed Respondent that he was satisfied with Respondent's service".

## Conclusion:

Counsel Chu's Response conceeds that Chu did advise the Movant that he would qualify for a downward departure under the Safety Valve, and it does not dispute that he advised Movant that his Sentencing Guideline range would be 57 - 71 months. Yet it also conceeds that Chu argued in favor of a mandatory minimum sentence of 120 months, and that he overlooked nearly every sentencing argument under the sun. Movant was prejudiced with a sentence approximately (5) years longer than what he should have received, given the facts of the case, his first-time-offender status, and his debriefing with the Government. The Respondent's Response also highlights Mr. Chu's miscomprehension of and confusion of the Safety Valve provision that this first-time-offender qualified for under Title 18 U.S.C. § 3553 and the "substantial assistance" requirements for a downward departure under § 5k1.1 of the United States Sentencing Guidelines -which was never contemplated nor attempted. Finally, the Respondent's inability to follow this Court's order to file a simple "verified response" without mseeing it up -should remove any doubt but that Counsel rendered unprofessional assistance to the Movant, in violation of his constitutional right to the effective assistance of counsel under the Sixth Amendment.

**Wherefore**, the Pro se Movant respectfully requests that this Honorable Court:

1. Disregard The Respondent Chu's Un-Verified Response As Having No Evidentiary Value; and
2. Grant The Relief Requested In The Movant's Title 28 U.S.C. § 2255 Motion.

Respectfully Submitted:

Mr. Roberto Reyne-Aguilar
Fed. Reg. No.: 32892-279
FCI Big Spring
1900 Simler Avenue
Big Spring, TX 79720
Movant, Pro se

## -VERIFICATION-

I DO HEREBY CERTIFY, under the penalty of perjury, under the laws of the United States of America and Title 28 U.S.C. § 1746, that I am of lawful age and of sound mind, that I have personal knowledge of the above-stated facts, and that the above-stated facts are true and correct to the best of my knowledge.

*[signature]*
Roberto Reyna-Aguilar
12-14-11

## -CERTIFICATE OF SERVICE-

I DO HEREBY CERTIFY, under the penalty of perjury, under the laws of the United States of America and Title 28 U.S.C. § 1746, that a true and correct ORIGINAL of the foregoing document,

"Movant Roberto Reyna-Aguilar's Reply To The Response Filed By Former Counsel Nathan Henry Chu."

has been filed today, this 14th day of December, 2011, by placing it in an envelope, with First Class United States Postage Prepaid and Affixed, and delivering it to the prison officials at FCI Big Spring, where I am presently incarcerated, for further delivery to the United States Post Office, for further delivery to the

United States District Court
Southern District of Texas
1300 Victoria, Suite #1131
Laredo, Texas 78040
Attn.: Clerk of the Court

for scanning and entry into the Court's electronic filing (CM/ECF) system. As I am an incarcerated, Pro se litigant, the Pro se Prison Mailbox Rule holds that this document is timely filed today. See Houston v. Lack, 487 U.S. 266 (1988). Consistent with the Court's Rules For Electronic Filing, Notice will be sent automatically by operation of the Court's CM/ECF system, to all parties on the Electronic Filing Receipt. Pursuant to Fed.R.Civ.P. 5(b)(2)(E) and 5(b)(3), Notice sent by electronic mail constitutes service. Specifically, Notice will be served electronically upon the following parties:

Don J. Young
U.S. Dept. of Justice
Attorney's Office
1100 Matamoros St., Ste. 200
Laredo, Texas 78040

Roberto Reyna-Aguilar
12-14-11

MR. ROBERTO REYNA-AGUILAR
REG. NO. 32892-279
FEDERAL CORRECTIONAL INSTITUTION
1900 SIMLER AVENUE
BIG SPRING, TX 79720

INSPECTED BY
U.S. MARSHALS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
1300 VICTORIA, SUITE #1131
LAREDO, TEXAS 78040

ATTN: CLERK OF THE COURT

United States District Court
Southern District of Texas
RECEIVED
DEC 21 2011 BM
David J. Bradley, Clerk
Laredo Division

MIDLAND TX 797
MON 19 DEC 2011 PM