United States District Court
Southern District of Texas
FILED
MMM
FEB 2 4 2012
CLERK OF COURT
LAREDO DIVISION

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ROBERTO REYNA-AGUILAR, ) | |
| Defendant/Movant, ) | Civil Case No.: |
| vs. ) | 5-11-CV-144 |
| ) | Criminal Case No.: |
| ) | 5:10-CR-686-001 |
| UNITED STATES OF AMERICA, ) | |
| Plaintiff/Respondent. ) | |

MOVANT ROBERTO REYNA-AGUILAR'S

DECLARATION/AFFIDAVIT IN SUPPORT OF:

HIS MOTION UNDER 28 U.S.C. § 2255;

HIS REPLY TO THE RESPONSE FILED BY

FORMER COUNSEL NATAHN HENRY CHU; AND OF HIS

REPLY TO THE GOVERNMENT'S RESPONSE TO

PETITIONER'S MOTION FILED UNDER 28 U.S.C. § 2255

I DO HEREBY CERTIFY, under the penalty of perjury, under the laws of the United States of America and Title 28 U.S.C. § 1746, that I am lawful age and of sound mind, that I have personal knowledge of the facts stated below, and that the below-stated facts are true and correct. Accordingly, I aver as follows:

1. I am a Mexican citizen.

2. I am not a licensed attorney.

3. I have no training or experience in law.

4. I have very little formal education.

5. I speak hardly any English.

6. I am completely unable to read or write in English.

7. I am presently incarcerated in federal prison, serving the sentence imposed in the underlying criminal case that is the subject of the instant post-conviction proceeding.

8. I am indigent, and without any financial assets or income with which to pay an attorney to represent me.

9. I am presently representing myself Pro se in the instant action, without the benefit of counsel.

10. I have initiated the instant post-conviction proceeding, by filing my "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody", ("Motion"), in good faith.

11. I have supported my Motion by filing my "Motion To Vacate Conviction And Sentence Pursuant To 28 U.S.C. § 2255", (hereinafter referred to as "Memorandum of Law" and/or "Memorandum").

12. The sentence I am presently serving, was imposed in violation of my Sixth Amendment right to the effective assistance of counsel.

13. I was represented by attorney Nathan Henry Chu during the criminal proceedings that are the subject of this § 2255 action.

14. Prior to the time I signed my guilty plea ("Plea Agreement"), counsel Chu only met with me one time to discuss my case. An interpreter was present.

15. During the meeting with Counsel Chu, Mr. Chu spent most of the available time talking about money, stating that I would need to come up with more money to pay him if I wanted him to fight for me. I informed Mr. Chu that I did not have any more money to pay him, and I asked him if I would need to get a new attorney. Mr. Chu was upset, but he told me that I did not need to get a new attorney, that he would still take care of everything for me. Counsel Chu failed to investigate the facts of my case, before deciding not to move to suppress the evidence and to advise and induce me into signing the Plea Agreement.

16. Counsel Chu failed to investigate whether the stop and search of me and my vehicle was valid, before deciding not to move to suppress the seized evidence.

17. Had Counsel Chu bothered to investigate the stop and search, he would have discovered that probable cause did not exist; that the consent given for the search was not voluntary but coerced, and that I was illegally detained.

18. As a result of Counsel Chu's failure to investigate, and his failure to move to suppress the illegally seized evidence, I was conned into pleading guilty and signing the Plea Agreement, without realizing what I was signing, or the consequences of signing it.

19. But for Counsel Chu's deficient performance in failing to investigate the facts of the case, and in failing to move to suppress the illegally seized evidence, there is a reasonable likelihood the result would have been different.

20. As a result of Counsel Chu's deficient performance in failing to investigate the facts of the case and failing to move to suppress the illegally seized evidence, I have been prejudiced, as I was sentenced to a ten year term of imprisonment on an illegal stop and search.

21. Prior to the day that Counsel Chu had me sign the Plea Agreement, I had never seen it. Chu never mailed me a copy in advance so that I could have a fellow inmate or somebody read it to me and explain it to me.

22. When Counsel Chu arrived to meet with me, he had with him what was to be the Plea Agreement.

23. I was unable to read the Plea Agreement, as it was printed in English, and I cannot read English.

24. Counsel Chu spent very little time discussing the Plea Agreement with me, and he did not read it to me. Mr. Chu told me that he had arranged for me to get a sentence of 57-71 months, if I would agree to plead guilty. Mr. Chu told me this was a very good deal, and that I really needed to accept it. Mr. Chu never mentioned to me that I would be facing a Mandatory Minimum of (120) months in prison.

25. Mr. Chu told me that he had some papers I needed to sign so that I could get the 57-71 month sentence. Mr. Chu never explained the terms and conditions of the Plea Agreement to me, or any of the consequences I would face by signing it. Mr. Chu never explained anything about any waivers, including anything about an appeal waiver or a waiver of my rights to post-conviction relief. Mr. Chu simply told me that this was just some standard paperwork.

26. I have recently learned -when I received Counsel Chu's Response in this post-conviction matter -that I allegedly signed an addendum to the Plea Agreement, acknowledging that I understood all that I was agreeing to in the Plea Agreement.

27. To this day, I have never seen the alleged addendum that Mr. Chu has referred to on page 4 of his Response.

28. I have no recollection of having signed an addendum to the Plea Agreement.

29. Mr. Chu never explained anything about an addendum, nor did he inform me that I was signing such. I aver that if there was an addendum, having me sign it would have been disigenuous, as I would have been unable to read it.

30. I aver that I was fraudulently induced into signing my Plea Agreement [as well as any "addendum" should one exist], by Counsel Chu. I was unable to read any of the paperwork, and Counsel Chu did not bother to read any of it to me. Rather, Counsel Chu merely assured me that this was simply standard paperwork, and

that the important thing was that I would be getting a 57 to 71 month sentence. It is based upon these representations that I signed the documents. I aver that material omissions, as well as material misrepresentations, were made to me by Counsel Chu, to induce me into signing the Plea Agreement and any other papers that I may have signed.

31. Mr. Chu rendered ineffective assistance of counsel when inducing me into signing the Plea Agreement, by grossly underestimating the amount of prison time I would likely receive.

32. I aver that my signing of the Plea Agreement was not knowingly or voluntarily done, given the material facts that were misrepresented and omitted by Mr. Chu.

33. I did not knowingly and voluntarily waive any of my rights by pleading guilty, other than my right to trial by jury, and this was only because I was fraudulently induced into signing the Plea Agreement by Counsel Chu's material misrepresentations and omissions.

34. I did not intend to waive my right to appeal my sentence, and I did not realize that by signing the Plea Agreement I would be waiving this right.

35. I did not intend to waive my right to obtain post-conviction relief under Title 28 U.S.C. § 2255.

36. Counsel Chu rendered ineffective assistance when he fraudulently induced me to sign my Plea Agreement, and he fraud-

ulently induced me to do so by making material omissions and material misrepresentations as to the nature and consequences of my Plea.

37. As a direct result of Counsel Chu's ineffective assistance, omissions and misrepresentations, I have been prejudiced by signing a Plea Agreement I did not understand, sentenced to a 120 month term of imprisonment, and, as it stands today, I have been misled into waiving my appellate and post-conviction rights.

38. Had Counsel Chu informed me that I was facing a 120 month Mandatory Minimum sentence, [as opposed to the 57 to 71 month sentence he assured me I would receive], I would not have signed the Plea Agreement.

39. But for Counsel Chu's deficient performance in the Plea process, the result likely would have been different. Mr. Chu told me not to worry about the Mandatory Minimum the judge would tell me about, because he had that taken care of.

40. On the day that I entered my plea of guilty in open court, Mr. Chu met with me briefly beforehand, and emphasized to me that I should answer everything the judge asks me, by assuring him that I understood everything and not to tell him about the deal for 57 to 71 months in prison. Mr. Chu told me that this court appearance was just routine, and not to worry about the questions that might be asked. Mr. Chu told me that the important thing was to make sure I do not argue with or question the judge,

so that I do not make the judge mad. He told me not to worry or be scared when the judge mentions anything about possible long sentences, because I had an agreement for 57 to 71 months. Mr. Chu forcefully told me that if I did not follow the program, I would make the judge mad, and he would cancel our deal, and I could end up with a life sentence. He told me that this is a simple little thing we have to go through, but that it was very important I answer all the questions properly. He told me just to go along with it, and that everything would be alright, as he is taking care of me. He told me I just needed to trust him, which I did.

41. I aver that my Plea Colloquy was fraudulently induce by Counsel Chu's material misrepresentations and material omissions, as well as by the threats made by Chu as to a life sentence.

42. I aver that Counsel Chu's representations of me during the Plea Colloquy was ineffective assistance.

43. I aver that as a direct result of Counsel Chu's ineffective assitance during the Plea Colloquy, I was prejudiced by unknowingly and involuntarily pleading guilty to the offenses, waiving most of my rights, and being sentenced to 120 months in federal prison.

44. I aver that but for Counsel Chu's deficient performance, the result likely would have been different, and I would not have entered the guilty plea with these terms and conditions had I known the truth.

45. At no time did Counsel Chu ever sit down or spend time with me to review the facts of the case, or to prepare me in any way for my debriefing sessions with the government.

46. The first time that I met with the federal agents to debrief, my attorney, Mr. Chu, failed to even show up for the meeting. As a result, I was questioned and interrogated by federal agents, without my attorney being present.

47. I aver that, contrary to Mr. Chu's representations in his Response, Mr. Chu could have absolutley no personal knowledge of what transpired during the first debriefing session with the government, as he was not there.

48. When I met with the federal agents to debrief, I was completely honest with them, and told them my complete involvement and role in this case. I answered all of their questions as completely and as fully as I could, and fully provided all information that I possessed.

49. Counsel Chu never mailed me or provided me with a copy of my Presentence Investigation Report, so that I could have a fellow inmate or somebody read it to me and explain it to me.

50. Counsel Chu never met with me to review my Presentence Investigation Report, and did not permit me an opportunity to review it and give my comments and objections.

51. I explained to Counsel Chu that I did not have any knowledge of the type of drug being transported, or the amount.

52. Counsel Chu never discussed any drug weight with me.

53. Counsel Chu failed to file any objections to my Presentence Investigation Report, despite there being many inaccuracies that needed to be objected to.

54. I aver that I had a limited and minor role in this offense, as I was simply driving the vehicle used to transport drugs.

55. Counsel Chu rendered ineffective assistance by failing to argue that I should receive a downward departure at sentencing for my minor role.

56. The instant conviction is my only felony.

57. There was no violence involved in my case.

58. My crime did not result in death or serious injury to any person.

59. I was not an organizer, leader, manager, or supervisor of others in the offense, and I was not engaged in a continuing criminal enterprise.

60. Counsel Chu rendered deficient performance at sentencing, by failing to argue for the safety valve for me.

61. Counsel Chu rendered ineffective assistance at sentencing, by failing to argue for a reduced sentence.

62. Counsel Chu rendered ineffective assistance at sentencing, by failing to argue for the additional two-point reduction I should have received for [unknowingly] waiving my rights to file pre-trial motions, as my Plea Agreement states.

63. Counsel Chu rendered ineffective assistance at sentencing, by failing to argue any of the Title 18 U.S.C. § 3553(a) sentencing factors in mitigation of my sentence, including [but not limited to], a downward departure based upon the more onerous conditions that aliens, like myself, face in American prisons, unlike American Citizens.

64. I was completely surprised when, at sentencing, instead of arguing for the 57 to 71 month sentence that we had agreed on, Counsel Chu asked the Court to give me a (120) month sentence.

65. Counsel Chu rendered ineffective assistance of counsel during the sentencing stage of my criminal proceedings.

66. As a result of Counsel Chu's deficient performance, I was prejudiced by being sentenced to (120) months in prison, which was approximately twice the sentence that Chu had promised me I would be receiving, twice the sentence I had agreed to when I pled guilty, and twice the sentence I should have received, and would have received but for Counsel Chu's ineffective assitance.

67. But for Counsel Chu's ineffective assistance at sentencing, the results at sentencing likely would have been different.

68. Immediately upon being sentenced, I instructed Counsel Chu to file a Notice of Appeal.

69. Despite my instructions, Counsel Chu failed to file a Notice of Appeal.

70. As a result of Counsel Chu's ineffective assistance by

failing to follow my directions to file a Notice of Appeal, I have been prejudiced by not being able to file a direct appeal.

71. But for Counsel Chu's deficient performance, the results as to my direct appeal likely would have been different.

72. I was denied my Sixth Amendment right to the effective assistance of Counsel, by the cumulative errors of Counsel Chu's ineffective assistance during the plea negotiation, plea agreement, plea colloquy, debriefing, sentencing, and direct appeal stages of my criminal proceedings.

73. As a result of my Sixth Amendment rights to the effective assistance of Counsel, due to Counsel Chu's cumulative errors during the critical stages of my criminal proceedings, I have been prejudiced, as I was sentenced to (120) months in prison, based upon an illegal stop and search and seizure, and for which I was fraudulently induced to plead guilty in exchange for a prison sentence of 57 to 71 months.

74. But for the cumulative errors of Counsel Chu during my criminal proceedings, the result likely would have been different.

Respectfully Submitted,

_____
Roberto Reyna-Aguilar
02-17-12

# -CERTIFICATE OF SERVICE-

I DO HEREBY CERTIFY, under the penalty of perjury, under the laws of the United States of America and Title 28 U.S.C. § 1746, that a true and correct ORIGINAL of the foregoing document,

"Movant Roberto Reyna-Aguilar's Declaration/Affidavit In Support Of: His Motion Under 28 U.S.C. § 2255; His Reply To The Response Filed By Former Counsel Nathan Henry Chu; And Of His Reply To The Government's Response To Petioner's Motion Filed Under 28 U.S.C. § 2255."

has been filed today, this 17th day of February, 2012, by placing it in an envelope, with First Class United States Postage Prepaid and Affixed, and delivering it to the prison officials at FCI Big Spring, where I am presently incarcerated, for further delivery to the United States Post Office, for further delivery to the

> United States District Court
> Southern District of Texas
> 1300 Victoria, Suite #1131
> Laredo, Texas 78040
> Attn.: Clerk of the Court

for scanning and entry into the Court's electronic filing (CM/ECF) system. As I am an incarcerated, Pro se litigant, the Pro se Prison Mailbox Rule holds that this document is timely filed today. See Houston v. Lack, 487 U.S. 266 (1988). Consistent with the Court's Rules For Electronic Filing, Notice will be sent automatically by operation of the Court's CM/ECF system, to all parties on the Electronic Filing Receipt. Pursuant to Fed.R.Civ.P. 5(b)(2)(E) and 5(b)(3), Notice sent by electronic mail constitutes service. Specifically, Notice will be served electronically upon the following parties:

> Don J. Young
> U.S. Dept. of Justice
> Attorney's Office
> 1100 Matamoros St., Ste. 200
> Laredo, Texas 78040

_____
Roberto Reyna-Aguilar

32892-279
Roberto Aguilar
1900 Simler AVE
F.C.I.
BIG Spring, TX 79720
United States

MIDLAND TX 797
WED 22 FEB 2012 PM

United States District Court
Southern District of Texas
RECEIVED
FEB 24 2012
David J. Bradley, Clerk
Laredo Divison

Clerk of Court
United States District Court
Southern District of Texas
Laredo Divison
1300 Victoria St., Ste 1131
Laredo, TX. 78040

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL CORRECTIONAL INSTITUTION
BIG SPRING, TEXAS 2/22/12